### In re STAMENOFF.

#### No. 45430.

District Court, E. D. Michigan, S. D.
Sept. 2, 1930.

Martin J. Kilsdonk, of Detroit, Mich., for petitioner.

James L. Pangle, of Detroit, Mich., Asst. Dist. Director of Naturalization, pro se.

TUTTLE, District Judge.

This matter comes before the court upon a petition for naturalization and involves the one question as to whether the petitioner in his declaration of intention and petition for citizenship has stated his intention to renounce allegiance "particularly, by name, to the prince, potentate, state, or sovereignty of which" he at the time was a citizen or subject, as required by section 4 of the Act of June 29, 1906, as amended by the Act of March 4, 1929, § 1, and Act March 2, 1929, § 6, subd.

a (sections 373 and 379, Title 8, U. S. Code [8 USCA §§ 373, 379]).

The petitioner, Vasil Stamenoff, was born in Bulgaria in 1887. He is married. His wife and two children reside in Bulgaria. He emigrated to Canada without his family in 1910. He was naturalized in Canada in 1914. On April 22, 1917, he lawfully entered the United States for permanent residence in this country, from Canada. He resided in Pontiac, Mich., until November, 1926, and in the city of Detroit and county of Wayne from then until the present time. He has never been in Bulgaria since he left there in 1910.

On March 19, 1927, in the office of the clerk of this court, he made his declaration of intention to become a citizen of the United States and renounced, in the usual language, "all allegiance and fidelity to any prince, potentate, state or sovereignty," and particularly, by name, to "Boris III, Tzar of the Bulgarians." The petition for naturalization, filed with the clerk of this court on October 15, 1929, also states his intention to renounce allegiance and fidelity to "Boris III, Tzar of Bulgaria." No definite, particular reference, by name, was made to Canada or to the British government either in his declaration of intention or in the petition for citizenship, and no intention was stated to particularly renounce allegiance, in the future, to the sovereignty having jurisdiction over Canadian citizens. The Bureau of Naturalization urges that this petition cannot be granted because of this failure to allege in said declaration and petition an intent to renounce by name the King of Great Britain.

The federal courts do not take judicial notice of the laws of foreign countries, but such laws are matters of fact, to be proven as are other material and relevant facts. Biddle v. Luvisch, 287 F. 699 (C. C. A. 8).

We are not concerned with the laws of Bulgaria on the question as to whether this petitioner is now a citizen of Bulgaria, because he has properly renounced allegiance and fidelity to the Tzar of Bulgaria. We are concerned only with the question of fact as to whether petitioner was at the time of making his declaration of intention, was at the time of filing his petition for citizenship, and is at the present time, a citizen of Canada and a subject of Great Britain. The determination of this question of fact depends, not only upon the actual conduct and intention of this petitioner, but also upon the laws of Canada.

The petitioner as part of his proof has offered in evidence the Immigration Act of

Canada, section 2 of which (being section 2 of chapter 93 of the Revised Statutes of Canada of 1927) includes the following provision:

"When any citizen of Canada who is a British subject by naturalization, * * * shall have resided for one year outside of Canada, he shall be presumed to have lost Canadian domicile and shall cease to be a Canadian citizen for the purposes of this act; * * *

"Provided, however, that such presumption may be rebutted by production of the certificate of any British diplomatic or consular officer, in such form as may be prescribed by the Minister, that such person appeared before him before the expiration of said period of one year and satisfied such officer of his reasonable intention to retain his Canadian domicile. * * * The effect of such certificate shall be to extend such period for a further term of one year, and it may be further extended from year to year in the same manner so long as the officer giving the certificate is satisfied of the bona fides of the application for extension in each case, provided that the total period for which extension may be granted shall not exceed five years."

The proofs further show that the petitioner did not at any time apply for the required extension of his Canadian domicile. On the contrary, the proofs show conclusively that he did not intend to retain his Canadian domicile, but that he maintained a domicile in this district and country and at all times since coming to this country has intended so to do. Under the clear and undisputed facts, the presumption of this Canadian law, to the effect that this petitioner had lost his Canadian domicile and ceased to be a Canadian citizen, had, by the expiration of the statutory period during which it might have been rebutted, become irrebuttable long before petitioner made his declaration of intention to become a citizen of the United States.

It, therefore, seems clear that he was not a Canadian citizen at any of the times here involved, and that there was no occasion or necessity for him to renounce, or to declare his intention to renounce, particularly by name, allegiance and fidelity to the King of Great Britain.

No other question is involved. The petitioner is qualified in every way, and will be admitted to citizenship.